IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CITY OF JACKSON, MISSISSIPPI**                      **PLAINTIFF**

**VS**                     CAUSE NO: 3:19CV805 DPJ-FKB

**ZURICH AMERICAN INSURANCE COMPANY**     **DEFENDANTS**
**JOHN DOES 1-10**

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
NOV -8 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

**COMPLAINT**
**PLAINTIFF DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, City of Jackson, Mississippi (hereinafter referred to as "City of Jackson" or "the City"), by and through counsel, and files this Complaint against Defendant, Zurich American Insurance Company (hereinafter referred to as "Zurich") and John Does 1-10 and would show the following in support thereof:

**PARTIES**

1. City of Jackson is a municipal corporation and political subdivision of the State of Mississippi organized and existing under the laws of the State of Mississippi.

2. Zurich American Insurance Company is domiciled in the State of New York, being formed under the laws of the State of New York and having its principal place of business at Four World Trade Center, 150 Greenwich Street, New York, NY 10007. Zurich is authorized by the Commissioner of Insurance to conduct the business of insurance in the State of Mississippi. Zurich may be served with process by serving the Honorable Mike Chaney, Commissioner of Insurance and State Fire Marshall, at 1001 Woolfolk State Office Building, 501 North West Street, Jackson, MS 39201 pursuant to Section 83-21-37 of the Mississippi Code Annotated, as

amended and by serving United States Corporation Company, its agent of process, at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

3. John Does 1-10 are persons or entities whose identities and/or involvement in the matter are unknown to Plaintiff upon filing this Complaint but may later become known.

## JURISDICTION AND VENUE

4. This action is being brought pursuant to 28 USC §1332(a)(1) as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00

5. This Court has personal jurisdiction over the Defendant because it is licensed to make contracts of insurance in Mississippi and, at all material times, has conducted substantial insurance business in the State of Mississippi.

6. Venue is proper in the Southern District of Mississippi pursuant to 28 USC § 1391(b)(2) since a substantial part of the event, if not all of the events, and omissions giving rise to this claim occurred in this judicial district.

## STATEMENT OF THE FACTS

7. Defendant Zurich American Insurance Company issued Policy No. CCP 9712528-01 ("Policy") to the City of Jackson with a policy period of August 15, 2012 to August 15, 2013 for the sum of $225,485.00 in premiums tendered by the City. *See* Policy, attached hereto as Exhibit "A".

8. A hailstorm event took place in the City of Jackson on March 18, 2013, and Plaintiff's property was damaged.

9. The City filed a claim on or about April 5, 2013 with Zurich for insured properties which were damaged due to the hailstorm.

10. After ongoing communication and negotiations between the parties to resolve the City's claims for property damage, Zurich sent the City a Denial of Additional Claims letter on November 5, 2018. *See* Denial Letter, which is attached hereto as Exhibit "B".

11. At the time the denial letter was sent, the City had not been made whole and paid compensation for damages pursuant to the terms of the policy.

## CHRONOLOGY OF CLAIM EVENTS

12. On or around April 8, 2013, Zurich assigned Pete Hanrahan to handle claims submitted by the City relating to the 2013 hailstorm event.

13. On or about April 9, 2013, Pete Hanrahan assigned Madsen Kneppers Associates (hereinafter referred to as "MKA") to assist with building damage review and engineering. He assigned VeriClaim to assist with the claims adjustment of twenty-one (21) damaged properties.

14. Shortly after the hailstorm, the City declared an emergency and hired BBMK Contracting, LLC at Zurich's urging to dry out and repair sixteen (16) of the damaged buildings requiring immediate repair at a cost of $8,213,410.25.

15. On or about July 30, 2013, Zurich issued an advanced payment to the City in the amount of $2,000,000.00 to mitigate further loss of its facilities and replace priority content.

16. The City of Jackson retained The Jones Group, LLC (hereinafter "Jones Group") as Project Managers to oversee the repairs of the damaged properties in December 2013.

17. On or about January 13, 2014, Jones Group performed field damage assessments to 150+ locations.

18. On or about March 17, 2014, Jones Group engaged professional contractors to perform roof core; environmental, mechanical, and design. This is still an ongoing project.

19. On or about May 8, 2014, Zurich requested and performed an onsite statement of work inspection and verification of twenty (20) properties.

20. On or about August 11, 2014, Jones Group emailed a preliminary statement of work and estimated costs to repair properties and forwarded same to Zurich for discussion and review. [1]

21. On or about May 5, 2015, the City selected twelve (12) locations to repair with repairs being less than $50, 0000 per location for roof repairs.

22. The Risk Management Division of the Office of the City Attorney submitted its demand relating to a global settlement on or about February 6, 2016. *See* City's Demand for Global Settlement which is attached hereto as Exhibit "C".

23. On or about June 13, 2016, Zurich requested and performed an on-site statement of work inspection and verification.

24. On or about October 16, 2016, MacDarrell Poullard, Risk Manager for the City of Jackson, Jones Group, and Zurich met to review and discuss cost repair estimates. Zurich disagreed with the cost of an HVAC replacement cost above $50,000. The discussion then moved from global settlement to a location by location settlement basis.

25. From July 2017 through September 2017, there were various meetings with the parties about buildings and repairs to the buildings that are subject to the present lawsuit.

26. Around January 5, 2017, Pete Hanrahan informed Mr. Poullard that he would begin to put together an all-encompassing Global Settlement offer for the City of Jackson's consideration. *See* Zurich's Response to Global Settlement Request which is attached hereto as Exhibit "D."

---

[1] December 2014 to June 2016, there were inspections and communication between Jones Group and Zurich that did not result in negotiation of a settlement, claim payment, or repair of damaged buildings.

27. On or about February 27, 2017, the City's Risk Manager delivered correspondence by electronic mail to Zurich advising that the City disagreed with the proposed amounts, categories, and calculations of repairing the damage caused by the hailstorm. The correspondence also addressed the global settlement. *See* Risk Management Letter which is attached hereto as Exhibit "E."

28. On or about, March 14, 2017, Zurich contacted the Risk Management Division and inquired about the City's willingness to accept a tender offer of $1,712,201.48, which is wholly insufficient to cover the City's damages.

29. On or about May 11, 2017, the City's Risk Manager MacDarrell Poullard sent a letter to Zurich regarding payments necessary for the completion of the repairs for the damaged projects and demanding $11,577,753.71 for a full and final settlement with the City. *See* Exhibit "F."

30. On or about July 11, 2017, Zurich tendered a payment in the amount of $1,712,201.48 to the City; however, the City advised Zurich that the amount tendered was in dispute and would not be deemed a full and final settlement of its claims.

31. On or about July 11, 2018, Zurich sent correspondence to former City Attorney Sharon Gipson, stating that if the City of Jackson did not respond with additional documentation to prove it was due more than the amount paid of $13,680,533.13, the claim would be closed. *See* Zurich Demand for Additional Documents which is attached hereto as Exhibit "G".

32. Subsequent to a telephonic settlement conference on or about September 30, 2018, Attorney Gipson informed Zurich by email on October 4, 2018 that she anticipated having approval to discuss the overall settlement amount by October 19, 2018. *See* Gipson Email Regarding Settlement which is attached hereto as Exhibit "H".

33. On October 17, 2018, the parties participated in another telephonic settlement wherein Zurich agreed to consider a global settlement due to ongoing projects and costs of these projects.

34. On or about November 13, 2018, the City Attorney received a letter from Zurich dated November 5, 2018, which advised the City that its Zurich had elected to close its file and deny further claim submittals.

## CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT

35. The City of Jackson repeats and re-alleges the above allegations in paragraphs 1 through 34 above, as if fully set forth herein.

36. On or about March 18, 2013, the City of Jackson sustained extensive damage because of a hail storm event as contemplated within the Policy.

37. The City of Jackson made an application for insurance benefits on or about April 5, 2013.

38. Defendant provided advance payments to the City in the amount of $2,000,000.00.

39. Other payments were tendered; however, the City has not received payment for all damages insured by the Policy.

40. Defendant has a duty to pay the claims of the City of Jackson within the policy limits on objectively reasonable terms. (*See generally, S. Healthcare Servs., Inc. v. Lloyd's of London*, 110 So. 3d 735, 747-48 (Miss. 2013)).

41. On or about November 5, 2018, Defendant issued a Denial of Any Additional Claims and advised the City that it would "no longer entertain further claim submittals."

42. Zurich cited as the basis for the denial a three-year limitations period contained within the Policy, which is not enforceable and contrary to law. *See* Policy Endorsement Mississippi Changes which is attached hereto as Exhibit "H."

43. On or about November 13, 2018, the City responded to Zurich's Denial of Any Additional Claims and requested that Zurich reconsider its position. *See* City's Request for Reconsideration which is attached hereto as Exhibit "I."

44. Having received no response from Zurich, on or about February 4, 2019, the City further advised Zurich that any limitation provision in the policy and any tolling provision related thereto are in direct conflict with Mississippi law and are, therefore, unenforceable. *See* City's Second Request for Reconsideration which is attached hereto as Exhibit "J."

45. Zurich breached its duties and obligations as recited above by failing to pay all benefits due under the policy and improperly denying coverage for the City of Jackson's loss.

46. As a direct and proximate result of Zurich's breach of its insurance contract, the City of Jackson has been damaged and has not been made whole.

47. The failure of the Zurich to pay the claim and make the City whole has inhibited the City's ability to make repairs necessary to return the affected properties to their pre-loss condition.

COUNT II<br>BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

48. City of Jackson re-alleges the allegations set forth in paragraph 1 through 47 above, as if fully set forth herein.

49. The duty of good faith and fair dealing applies to insurance contracts and places a duty on insurers to properly investigate the claims asserted by their insureds and to make a reasonable, good faith decision based on that investigation.

50. The duty of good faith and fair dealing prohibits a party from doing any act that impairs the right of the other party from receiving the benefits that flow from their agreement.

51. By expressly refusing to pay and consider the City's legitimate claims pursuant to the Policy, Zurich has breached its duty of good faith and fair dealing.

52. As a direct and proximate result of Zurich's breach of its duty of good faith and fair dealing, the City of Jackson has been damaged, has not been made whole, and has been unable to make repairs necessary to return the affected properties to their pre-loss condition.

## COUNT III
## BAD FAITH REFUSAL TO HONOR OBLIGATIONS UNDER INSURANCE CONTRACT (PUNITIVE DAMAGES)

53. City of Jackson re-alleges the allegations set forth in paragraph 1 through 52 above, as if fully set forth herein.

54. Zurich has an implied duty of good faith and fair dealing to treat its insured fairly, reasonably, and honestly, with the due regard for the insured's interests.

55. Under Mississippi law, punitive damages may be recovered for a willful and intentional wrong or for such gross negligence and reckless negligence as is equivalent to such a wrong in order to punish, set an example, and discourage others from similar behavior.

56. Zurich is attempting to avoid its coverage obligations and instead adopt a position completely contrary to Mississippi law and the terms of the Policy by asserting a denial based upon an alleged limitations period, which is unenforceable and contrary to Mississippi law.

57. The Mississippi Supreme Court has articulated "the necessity of awarding punitive damages when an insurance company refuses to pay a legitimate claim, and bases its refusal to honor the claim on a reason clearly contrary to the express provisions of its own policy." *Standard Life Insurance Co. of Indiana v. Veal*, 354 So. 2d 239, 248 (Miss. 1978). The Court reasoned that

"[i]f an insurance company could not be subjected to punitive damages it could intentionally and unreasonably refuse payment of a legitimate claim with veritable impunity."

58. Zurich must be punished if it is going to be deterred from bringing similar claims.

59. Zurich's refusal to pay the City of Jackson's legitimate claim constitutes intentional and willful misconduct, or gross negligence or reckless disregard for the rights of the City of Jackson.

60. As a direct result of Zurich's aforementioned acts, omissions and violations of the law, the City of Jackson has been damaged, has not been made whole, and has been unable to make repairs necessary to return the affected properties to their pre-loss condition.

61. As a result of Zurich's unfair claims handling practice, the City of Jackson is entitled to attorney's fees and punitive damages due to Zurich's intentional wrong or gross negligence as a way to punish and deter Zurich from engaging in this practice in the future.

## COUNT IV
## NEGLIGENCE AND GROSS NEGLIGENCE

62. The City of Jackson re-alleges the allegations set forth in paragraph 1 through 61 above, as if fully set forth herein.

63. Zurich issued to the City a Denial of Any Additional Claims based upon an unenforceable and illegal policy provision. Zurich continued to deny the City of Jackson's legitimate claims despite having actual knowledge that its basis for denial is contrary to the terms of the Policy and Mississippi law.

64. Zurich breached its duty to determine whether additional monies were owed by refusing to "entertain further claim submittals" and by not completely paying claims which had been submitted prior to the denial.

65. As a result of Zurich's negligence and/or gross negligence, the City of Jackson has been damaged, has not been made whole, and has been unable to make repairs necessary to return the affected properties to their pre-loss condition.

## COUNT V
## DECLARATORY JUDGMENT

66. The City of Jackson re-alleges the allegations set forth in paragraphs 1 through 65 above, as if fully set forth herein.

67. The City of Jackson seeks a judicial determination as to its rights and Zurich's duties under the Policy which may cover the losses described herein.

68. An actual and justifiable controversy exists between the City of Jackson and Zurich with respect to Zurich's obligations under the Policy relating to the losses sustained by the City of Jackson.

69. The issuance of declaratory relief by this Court will terminate the existing controversy between the parties regarding the claims and whether additional payments are due under the Policy.

**DAMAGES AND PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the City of Jackson demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and prays for judgment against the Defendant as follows:

A. A judgment of, from, and against Zurich, in an amount no less than $11,577,753;

B. Zurich pays for any additional costs, expenses, and damages to property incurred after November 13, 2018, as a result of its actions;

C. Zurich pays for any costs, expenses, attorneys' fees, and litigation expenses;

D. All pre-judgment and post-judgment interest costs;

E. A declaratory judgment;

F. Punitive damages to be determined; and

G. Any other relief this court deems necessary to make the City of Jackson whole under the terms of this insurance policy.

RESPECTFULLY SUBMITTED, this the _____ day of November 2019.

THE CITY OF JACKSON, MISSISSIPPI

BY: _____
Timothy C. Howard, MSB #10687
LaShundra Jackson-Winters, MSB #101143
Nakesha M. Watkins, MSB #102750

Of Counsel:

**OFFICE FO THE CITY ATTORNEY**
City of Jackson, Mississippi
Post Office Box 2779
Jackson, MS 39205-2779
Phone: 601.960.1799
Fax: 601.960.1756