UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CITY OF JACKSON, MISSISSIPPI                                                          PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:19-CV-805-DPJ-FKB

ZURICH AMERICAN INSURANCE                                                          DEFENDANTS
COMPANY AND JOHN DOES 1–10

ORDER

Plaintiff City of Jackson brings this insurance-coverage suit against Defendant Zurich American Insurance Company after Zurich denied the City's property-damage claims. Zurich moves to dismiss the City's suit or, alternatively, for summary judgment, arguing that the suit is time-barred under a contractual limitations period for civil actions. For the following reasons, the Court denies Zurich's motion [21].

I.      Background

In March 2013, a hailstorm hit the City and damaged several of its properties. Am. Compl. [3] ¶¶ 8–9; Denial Letter [3-5] at 2. Some of the damaged properties were covered under a commercial-property insurance policy the City held with Zurich. Am. Compl. [3] ¶ 7; *see also* Policy [3-1]. So, on or about April 5, 2013, the City filed insurance claims for the allegedly covered property damage. Am. Compl. [3] ¶ 9.

Soon after, Zurich began reviewing the City's claims. *Id.* ¶ 12. While this process continued, Zurich says a contractual limitations period for filing lawsuits was set to expire. Denial Letter [3-5] at 2, 5–6. Accordingly, the parties apparently agreed to toll the time bar for 90 days, extending it from March 2016 to June 13, 2016. *Id.* at 2; Def.'s Mem. [22] at 2–3. Although Zurich agreed to pay certain claims, it continued its review process until November 5,

2018, when it closed its file and denied any additional claims.  Denial Letter [3-5] at 5–6.  By then, the extended contractual limitations period had expired.

Upset by this denial, the City sued Zurich on November 8, 2019, alleging breach of contract, breach of the duty of good faith and fair dealing, negligence, and gross negligence. Am. Compl. [3] ¶¶ 45, 51–52, 65.  The City sought punitive damages and a declaratory judgment regarding its rights and Zurich's duties under the policy.  *Id.* ¶¶ 61, 67.  Zurich moves to dismiss these claims or, alternatively, for summary judgment.  Def.'s Mot. [21].  The City responded to Zurich's motion, but Zurich filed no reply.  The Court has both personal and subject-matter jurisdiction.

II.     Standard

Zurich seeks relief under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Rule 56.  Although Rule 12(d) allows a district court to convert a Rule 12(b)(6) motion to a Rule 56 motion when "materials outside the pleadings are presented," no such materials have been presented in this case.  Both parties premise their arguments on exhibits that the City attached to its Complaint, and those exhibits may be considered under Rule 12(b)(6).  *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) (noting that Rule 12(b)(6) allows the court to consider documents "either attached to or incorporated in the complaint").  Moreover, the motion is based on a purely legal question that would render the same result under either rule. Accordingly, the Court sees no reason to alternatively consider Zurich's motion under Rule 56.

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Significant here, a court may dismiss a claim under Rule 12(b)(6) based on an affirmative defense—such as a statute of limitations—only if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

III.  Analysis

Mississippi Code section 15-1-49(1) normally imposes a three-year statute of limitations on actions brought under an insurance contract. Miss. Code Ann. § 15-1-49(1). But Mississippi Code section 15-1-51 and section 104 of the Mississippi Constitution exempt municipalities from this statutory bar. The provisions both provide: "Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof." Miss. Code. Ann. § 15-1-51; Miss. Const. art. IV, § 104.

Zurich concedes that section 15-1-51 and section 104 prevent any *statutory* time bars from running against the City. Def.'s Mem. [22] at 6. But it argues that "there is no statute prohibiting a municipality from contractually agreeing to a time limitation." *Id.* (capitalization altered). And here, the City signed a policy containing the following time bar:

> No one may bring a legal action against us under this Coverage Part unless:
> 1. There has been full compliance with all the terms of this Coverage Part; and
> 2. The action is brought within 3 years after the date on which the direct physical loss or damage occurred.

*Id.* at 2–3 (citing Policy [3-1] at 7).

Although the City agreed to these terms, there is a Mississippi statute that nullifies such agreements. Section 15-1-5 states:

> The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contracts stipulation whatsoever shall be absolutely null and void, the object of this section being

3

to make the period of limitations for the various causes of actions the same for all litigants.

Miss. Code Ann. § 15-1-5.  Whether section 15-1-5 applies to municipalities like the City of Jackson is the core dispute.

Zurich says section 15-1-5's prohibition against contractually altering statutes of limitations does not apply to the City because the City is not subject to any statutory limitations period as stated in section 15-1-51.  Def.'s Mem. [22] at 6.  And because section 15-1-5 does not apply to the City, the City remained free to contractually agree to a limitations period.  *Id.*

Zurich's construction is not the most reasonable.  "The primary rule of [statutory] construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein."  *Great Am. Ins. Co. of N.Y. v. Lowry Dev., LLC*, 576 F.3d 251, 255 (5th Cir. 2009) (quoting *Bailey v. Al Mefty*, 807 So. 2d 1203, 1206 (Miss. 2001)).  Moreover, it is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme."  *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989).

Here, Mississippi clearly and unambiguously intended in section 15-1-51 for municipalities to have unlimited time to file suits.  That provision is in the same chapter as section 15-1-5, which provides that "limitations prescribed in this chapter shall not be changed in any way whatsoever by contract."  The most harmonious reading of the sections is that section 15-1-5 prevents contracts that alter the limitations established in Title 15, chapter 1, including section 15-1-51.

Judge Ozerden reached that same conclusion in *City of Picayune v. Landmark American Insurance Co.*, the only known opinion to address this precise issue.  No. 1:11-CV-435-HSO-RHW, 2013 WL 392484 (S.D. Miss. Jan. 31, 2013).  There, the court held that "[t]he protection

4

from statutes of limitation afforded to governmental entities by these laws cannot be circumvented by a contract." *Id.* at *3.

Aside from the statutory construction, the City notes that "attempts to shorten a statute of limitation by private contract, in addition to being void, have been characterized by the Mississippi Supreme Court as being oppressive and unconscionable." Pl.'s Mem. [25] at 14 (citing *Covenant Health Rehab. of Picayune, L.P. v. Brown*, 949 So. 2d 732, 740 (Miss. 2007), *rev'd on other grounds*, *Covenant Health Rehab. of Picayune, LP v. Estate of Moulds ex rel. Braddock*, 14 So. 3d 695 (Miss. 2009); *Pitts v. Watkins*, 905 So. 2d 553, 558 (Miss. 2005)). Those cases also buttressed the court's holding in *City of Picayune*. 2013 WL 392484, at *3 (refusing to enforce contractual limitation period in city's insurance policy) (citing *Covenant Health Rehab. of Picayune, L.P.*, 949 So. 2d at 740; *Pitts*, 905 So. 2d at 558). At a minimum, these opinions add weight to the holding that the contractual limitations period is unenforceable.

The City also observes that the disputed policy includes the following conformity clause:

D. CONFORMITY TO STATUTE

Terms of this Commercial Property Coverage Part that are in conflict with the statutes of the state in which this policy is issued are hereby amended to conform to such statutes.

Policy [3-4] at 32. The policy's contractual limitation period conflicts with sections 15-1-51 and 15-1-5.

Zurich offered no rebuttal to the City's arguments. It did, however, cite two ancient and distinguishable Mississippi cases in its opening brief: *Taylor v. Farmers' Fire Insurance*, 101 Miss. 480 (Miss. 1912), and *North British & Mercantile Insurance Co. of London & Edinburgh v. Edwards*, 85 Miss. 322 (Miss. 1905). Def.'s Mem. [22] at 7. But those cases were decided

5

before the relevant statutes were materially altered and do not address section 15-1-51's intersection with section 15-1-5.

Finally, Zurich points out that the City asked Zurich to toll its contractual limitations period. Def.'s Mem. [22] at 9. That is factually true, but the limitations provided in Title 15, Chapter 1, "shall not be changed in any way whatsoever by contract between the parties," and any such changes are "absolutely null and void." Miss. Code Ann. § 15-1-5; *see also id.* § 15-1-51; Miss. Const. art. IV, § 104. Accordingly, any agreements related to the disputed provision are unenforceable. Zurich's motion to dismiss is denied.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, Zurich American Insurance Company's Motion to Dismiss, or Alternatively, For Summary Judgment [21] is denied.

**SO ORDERED AND ADJUDGED** this the 26th day of August, 2021.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE